By the Court, McCunn, J.
The defendants, in their answer and by their proofs, have endeavored to show that they did not purchase the goods from the plaintiff, but from one ’ Victor Fleury, who owed the defendant a large amount of ■ money which they seek to offset. The plaintiff, on the contrary, alleges that Fleury was only his agent, and that consequently, the set-off claimed by the defendants cannot be allowed.
There is but a single question in the case, and that is, to whom was the credit in the transaction given—to Victor Fleury or to the defendants ? I am satisfied, from a careful examination of the facts, that the credit was given to the defendants. Fleury, the agent, testifies that the leather belonged to the plaintiff, and that he (Fleury) simply sold the skins to *252 the defendants as the plaintiff’s goods, and in this he is fully corroborated by the plaintiff, Nottebohm, who testifies that he sold the goods to the defendants, and not to Fleury ; and he is further corroborated in this respect by the letter of the defendants, written before the goods were delivered, agreeing to pay for the same to the plaintiff, and not to Fleury.
Indeed it is seen from a careful examination of the defendant Maas’ testimony, that he knew the goods were the plaintiff’s, and admits he owed the money to Nottebohm, and not to Fleury.
Some stress is laid by the defendants upon the fact that the bill for the goods was made out in the name of Fleury. The making out of the bill was not done by the plaintiff; it was done by Fleury, at the defendants’ request, and was done, no doubt, to fix the credit on Fleury. The making out of the bills, however, in the name of Fleury, is of no consequence, so long as the credit was given to the defendants ; moreover, the bills, themselves show that the proceeds of the sale were to be paid to the plaintiff.
It is quite clear, therefore, from the evidence, that Fleury was acting as agent of the plaintiff at the time of the sale, and that he disclosed his principal, and that the defendants knew they were dealing with Fleury as agent of Nottebohm, and were consequently bound to respond to Nottebohm, unless there was some special agreement between the plaintiff and defendant to the contrary, and of this there is no evidence.
The referee, in passing upon the facts of the case, took all these questions into consideration. His findings are in favor of the preponderance of proof; the judgment already entered cannot, consequently, be disturbed.
Robertson, Ch. J.
The evidence in this case is sufficient to sustain either a finding that the plaintiff sold the goods in question to the defendants, or one that he transferred to them his interest therein, or lien thereon, to the extent of the whole purchase money. Fleury sold them as his agent, to reimburse him to the extent of his advances, which he test *253 ified probably exceeded such purchase money, in which statement he was not contradicted by any other testimony. It is immaterial, so far as the pleadings are concerned, whether such sale operated merely as a transfer by the plaintiff, of his lien for advances to the defendants, and a simultaneous transfer of the valueless equity of redemption, or nominal ownership of Fleury, at the same time, or as a sale of goods owned by the plaintiff; since no objection was taken on the trial, on the motion to dismiss the complaint, of a variance between the complaint and proof, but only of an entire absence of proof of any cause of action. The goods were in the possession of the plaintiff, and could not have been obtained except by his delivery of them. The pledgee of .goods is not to be deprived of his rights because he employs the owner to sell them. The defendants, before paying any of the price, should have ascertained in whose possession they were, and what was the nature of the holder’s interest. Fleury acted as a mere broker, and had no right to receive the price. The written acceptance of the order to pay the price, which was very nearly, if not quite, the acceptance of a bill of exchange on demand for the amount, inasmuch as such amount was fixed, the payment made absolute, and the goods were delivered on the faith of such acceptance. (2 R. S. 768, §§ 7, 8,) with the possession of the goods by the plaintiff, and the rendering of bills as payable to him went far to notify the defendants of the plaintiff’s interest, and render their promise to Fleury to pay the amount irrevocable. At all events, no payments to the latter could take away from the plaintiff his right to recover that for which he had sold his lien on the goods.
Judgment affirmed, with costs.